UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STOCKELL HEALTHCARE SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:16-cv-00237-JCH |
| CSS HEALTHCARE TECHNOLOGIES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter in before the Court on Plaintiff Stockell Healthcare Systems, Inc.'s ("Stockell") Motion to Stay its Response to Defendant's Motion to Dismiss in Order to Conduct Discovery as to Personal Jurisdiction. (ECF No. 20.)

## BACKGROUND

On February 23, 2016, Stockell filed this diversity suit for breach of contract against Defendant CSS Healthcare Technologies, Inc. ("CSS"). Stockell alleges that in February 2015 it negotiated and entered into a Value Added Reseller Agreement (hereinafter, the "Agreement") with CSS, and that CSS breached the Agreement by failing to remit compensation for software licensing and implementation services rendered to CSS. (ECF No. 1.) Also in the Complaint, Stockell states that "[t]his Court has personal jurisdiction over [CSS] in that [CSS] has done business within the State of Missouri by attending meetings, and negotiating and entering into a contract within the jurisdiction." *Id.* ¶ 4. Stockell has attached a copy of the Agreement to the Complaint, which contains a Tennessee choice of law provision. (ECF Nos. 1.1-1.6.)

1

On May 23, 2016, CSS moved to dismiss Stockell's Complaint for lack of personal jurisdiction and for failure to state a claim. CSS argues, in part, that this Court does not have personal jurisdiction over CSS because, as a non-resident Tennessee corporation, it has not transacted business, entered into a contract, or engaged in any other activities in Missouri giving rise to Stockell's claim for breach of contract. (ECF Nos. 18, 19.)

For support, CSS has submitted the sworn declaration of Christopher Sherback, the CEO of CSS. Sherback attests that CSS is not incorporated or registered to do business in Missouri; that it does not own real property, have any capital assets, maintain any bank accounts, or have any agents or employees in Missouri; and that it has not executed any contracts in Missouri. As to the Agreement, Sherback attests as follows:

> I executed the Agreement from my home office in Texas…
>
> I also negotiated the Agreement from Texas. Negotiations regarding the Agreement were conducted over the course of several weeks in February 2015, primarily by telephone. Drafts of the Agreement were exchanged by email…
>
> All negotiations regarding the Agreement on behalf of CSS took place outside of Missouri…
>
> CSS representatives never traveled to Missouri to negotiate the Agreement. In late January 2015, three members of CSS, myself included, attended a brief introductory meeting with representatives of Stockell in St. Louis, Missouri. The meeting lasted approximately one hour and was followed by dinner. The purpose of the meeting in St. Louis was not to negotiate the Agreement and no negotiations took place. This meeting occurred before CSS began negotiating with Stockell regarding the Agreement. Negotiations regarding the Agreement began after the introductory meeting in St. Louis, and, as explained above, were conducted exclusively by telephone or email outside of Missouri…
>
> CSS has not sold any products or services under the Agreement to clients in Missouri…
>
> CSS has not received funds from any clients in Missouri for the purchase of Stockell's software licenses or services under the Agreement…

2

(ECF No. 19.1, ¶¶ 6-19.)

As mentioned above, Stockell now seeks to conduct jurisdictional discovery in order to respond to CSS's argument that this Court is without jurisdiction.

## **DISCUSSION**

Referencing the Complaint allegations, Stockell argues that it has "put forth evidence before the Court demonstrating CSS' contacts within Missouri," and that it "can supplement the existing factual basis supporting the Court's exercise of personal jurisdiction over Defendant." (ECF No. 21 2-4.) Stockell asserts: "Further discovery would permit Plaintiff to explore how and where the negotiations unfolded and the extent of the discussions between the parties in Missouri and to inquire into the factual statements contained within the Sherback Affidavit." *Id.* at 4. In response, CSS argues that Stockell should not be entitled to discovery because the jurisdictional facts Stockell seeks to discover "are nothing more than speculative and conclusory allegations, which have already been disproven by CSS." (ECF No. 22 at 3-4.) CSS further argues that the evidence Stockell seeks relating to the Parties' negotiations and execution of the Agreement would already be in Stockell's possession, as they are communications with Stockell. *Id.* at 6.

A court may grant discovery on the issue of personal jurisdiction when jurisdictional facts are unclear from the record and a party demonstrates that it can supplement its jurisdictional allegations through discovery. *See Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 710 (8th Cir. 2003); *NorthPole US, LLC v. Price*, No. 4:06CV0148 TCM, 2006 WL 1520641, at *4 (E.D. Mo. May 31, 2006). However, "'[w]hen a plaintiff offers only speculation or conclusory allegations about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'" *Viasystems, Inc. v. EMB-Papst St. Georgen Gmbh & Co.,*

*KG*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)).

Upon consideration of the foregoing, the Court concludes that this is not a case in which certain facts that are necessary to resolve the jurisdictional inquiry are either unknown or disputed. *See Viasystems*, 646 F.3d at 598. CSS has specifically refuted Stockell's jurisdictional allegations by presenting evidence in the form of Sherback's declaration, and Stockell offers only speculative and conclusory assertions regarding CSS's contacts with the forum state. *See Riceland Foods, Inc. v. SCF Marine, Inc.*, No. 4:09CV830 CDP, 2009 WL 2928764, at *3 (E.D. Mo. Sept. 9, 2009) (denying request for time to conduct jurisdictional discovery where plaintiffs failed to provide sufficient allegations to support reasonable inference of jurisdiction or scintilla of evidence to suggest that defendant may actually be subject to jurisdiction; declining to "authorize Plaintiffs' fishing expedition"). Therefore, the Court will deny Stockell's Motion.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Stockell Healthcare Systems, Inc.'s Motion to Stay its Response to Defendant's Motion to Dismiss in Order to Conduct Discovery as to Personal Jurisdiction (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file any Response to Defendant's Motion to Dismiss by **Friday July 22, 2016**.

Dated this __13th_ day of July, 2016.

/s/   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE